IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| LLOYD KNUDSEN,<br><br>Plaintiff,<br><br>vs.<br><br>BELT VALLEY BANK,<br><br>Defendant. | CV-13-102-DWM-RKS<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT WITHOUT PREJUDICE |

## I. Synopsis

Lloyd Knudsen ("Mr. Knudsen") filed a Motion to Proceed in Forma Pauperis, and submitted an affidavit in support on November 27, 2013. (Doc. 1.) Mr. Knudsen also lodged a complaint alleging that the Belt Valley Bank ("Bank") made a false claim in that the Bank failed to apply profits to a United States Department of Agriculture Farm Services Agency ("FSA") guaranteed loan, resulting in unnecessary payments by the FSA. (Doc. 2.) Mr. Knudsen's motion to proceed in forma pauperis will be granted. Mr. Knudsen alleges a cause of action under the False Claims Act ("FCA") that is unavailable to pro se litigants. The complaint should be dismissed without prejudice.

## II. Status

Mr. Knudsen lodged his Complaint in federal court, in the Great Falls division of the District of Montana. (Doc. 1.) As Mr. Knudsen is proceeding pro se and in forma pauperis, the case is referred to a magistrate judge for all pretrial purposes. Local Rule 72.2.

A civil complaint that a non-prisoner plaintiff files proceeding in forma pauperis must be reviewed before it is served on defendants, as "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001). Any portion of Mr. Knudsen's complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief, must be dismissed. 28 U.S.C. § 1915(e)(2)(B). This is the review of Mr. Knudsen's pro se complaint: a qui tam action alleging a false claim made against the United States. (Doc. 2.)

## III. Standards

**In Forma Pauperis**

Indigent litigants may be permitted to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, broad discretion exists to deny an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.1963),

**Pro se pleadings**

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94, (2007) (internal citation omitted); *Cf.* FED.R.CIV.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). A pro se litigant cannot represent anyone but her or himself. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997).

**Qui Tam False Claims Act Actions**

The False Claims Act subjects to liability any "person" who, among other things, "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). A qui tam action is brought by a private party, called the "relator," on behalf of the government. BLACK'S LAW DICTIONARY 1368 (9th ed. 2009). If a qui tam suit under the False Claims Act ("FCA") succeeds, the relator obtains a reward of 25 to 30 percent of the judgment or settlement. 31 U.S.C. § 3730(d)(2). The government gets the rest. *See, e.g., Vermont Agency of Natural Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 769-70 (2000).

The underlying claim of fraud in an FCA action always belongs to the United States, despite the relator's statutory right to the government's share of the

recovery. *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (citing 31 U.S.C. § 3730(c)(5)). A pro se relator cannot prosecute any qui tam action on behalf of the United States because such prosecution would require the pro se relator to subsume the United States' underlying claim. *Id.* at 1127.

## V. Allegations

Mr. Knudsen's complaint alleges that he, proceeding pro se as a "Qui Tam Realtor," (sic) will demonstrate that the Bank made a false claim. (Doc. 2 at 1.) Mr. Knudsen alleges specifically that the Bank failed to apply its profits to a United States Department of Agriculture Farm Services Agency ("FSA") guaranteed loan. (Doc. 2 at 1.) Mr. Knudsen avers that the Bank's failure resulted in unnecessary payments by the FSA. (Doc. 2 at 1.) Mr. Knudsen's complaint explains clearly his claim and its evidentiary support. (Doc. 2 at 1; *see also* Doc. 2-1.)

## VI. Analysis

**A. Showing Required to Proceed In Forma Pauperis.**

Mr. Knudsen has filed an affidavit that demonstrates he is indigent. (Doc. 1.) Mr. Knudsen's affidavit in support of his Motion to Proceed in Forma Pauperis makes sufficiently the showing of inability to pay filing fees that 28 U.S.C. § 1915(a) requires. Mr. Knudsen's request to proceed in forma pauperis will be

granted. Mr. Knudsen may proceed without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1).

**B. Pro se Qui Tam False Claims Actions Cannot Proceed Regardless of Basis.**

Mr. Knudsen seeks to prosecute this qui tam false claim action pro se. (Doc. 2.) It is well established, however, that a pro se litigant cannot prosecute a false claim on behalf of the United States. *Stoner*, 502 F.3d at 1127. Said another way, Mr. Knudsen cannot represent himself in making a claim on behalf of the United States because the alleged false claim belongs exclusively to the United States. *Id.*. This action is subject to dismissal due to Mr. Knudsen's present lack of representation by a licensed attorney.

## VII. Conclusion

Mr. Knudsen has made sufficiently the showing to proceed in forma pauperis, and his motion to proceed in forma pauperis will be granted. Mr. Knudsen alleges, however, a cause of action under the False Claims Act ("FCA") that is unavailable to pro se litigants. The complaint should be dismissed without prejudice as a result. Therefore,

The undersigned **ORDERS:**

1. Mr. Knudsen's Motion to Proceed in Forma Pauperis (Doc. 1) is **granted**.

The undersigned **RECOMMENDS**:

1. Mr. Knudsen's complaint (Doc. 2) be **dismissed without prejudice**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will review de novo those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 7th day of February, 2014.

_____
Keith Strong
United States Magistrate Judge